**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>BILLY JAMES COOKS,<br><br>      Defendant. | <br><br><br><br><br><br>Case No. 3:14-cr-00042-SLG |

## ORDER RE SECTION 2255 PETITION

Before the Court is Defendant Billy James Cooks' Motion to Vacate Under 28 U.S.C. § 2255 at Docket 112 and Mr. Cook's First Amended Motion to Vacate Under 28 U.S.C. § 2255 and Request for Evidentiary Hearing at Docket 139.[1] The Government responded at Docket 141. Mr. Cooks filed a reply at Docket 142.

## BACKGROUND

On May 22, 2014, Mr. Cooks was indicted for Drug Trafficking Conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1) and Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h).[2] On December 11, 2014, Mr. Cooks entered into a Plea Agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), pleading guilty to both counts.[3] The parties agreed that the five-

---

[1] *See also* Docket 140 (Mem. in Support of Motion to Vacate).

[2] Docket 96 (PSR) at 8.

[3] Docket 67 (Plea Agreement) at 2.

year mandatory minimum penalty for the drug trafficking charge applied to Mr. Cooks rather than the ten-year mandatory minimum.[4] Mr. Cooks also waived his right to appeal and all rights to file a § 2255 motion except on the grounds of ineffective assistance of counsel or the voluntariness of his plea.[5] The Plea Agreement contained two distinct provisions regarding sentencing. First, in Part A, it addressed the "Advisory United States Sentencing Guidelines," and stated that "[t]he parties have no agreements on any guideline applications unless set forth below in [the Acceptance of Responsibility subsection]."[6] Second, in Part B, it stated that "[p]ursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that a sentence of between (60) and one hundred fifty six (156) months of incarceration is appropriate."[7]

## DISCUSSION

Mr. Cooks asserts two grounds for vacating his sentence under 28 U.S.C. § 2255: (1) he did not enter a guilty plea knowingly and voluntarily; and (2) his trial counsel was ineffective in not objecting to the Government's alleged breach of the Rule 11(c)(1)(C) agreement and in not objecting to the criminal history calculation in the Presentence Report ("PSR"), which listed a felony conviction that had been set aside. The Government asserts that Mr. Cooks' motion was filed beyond the one-year statute of limitations period and therefore is untimely. It also maintains that Mr. Cooks' arguments fail on the merits.

---

[4] Docket 67 at 2.

[5] Docket 67 at 3.

[6] Docket 67 at 12.

[7] Docket 67 at 13.

1. Timeliness

Pursuant to 28 U.S.C. § 2255(f)(1), a federal petitioner must file a habeas petition within one year from the date judgment of conviction becomes final unless the petitioner can demonstrate equitable tolling is applicable. "[T]he threshold necessary to trigger equitable tolling . . . is very high."[8] To satisfy equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[9]

Mr. Cooks' final judgment was filed on February 12, 2016.[10] The statute of limitations for filing his habeas petition expired on February 26, 2017.[11] Mr. Cooks filed his habeas petition on April 20, 2017, after the statute of limitations period had expired.[12] Mr. Cook argues that the statute of limitations should be equitably tolled.[13] Because, as discussed below, the Court finds that on the merits Mr. Cooks is not entitled to relief, the Court will assume without deciding that equitable tolling would apply.

---

[8] *Medonza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).

[9] *Holland v. Florida*, 560 U.S. 631, 649 (2010).

[10] Docket 109 (J.).

[11] Mr. Cooks had 14 days to file a notice of appeal from the date of the judgment of conviction. Fed. R. App. Proc. 4(b)(1)(A). When the movant does not file a direct appeal, "the statute of limitations within which she had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

[12] Docket 112.

[13] Docket 142 at 2.

### 2. Knowing and Voluntary Plea

Mr. Cooks asserts that his "guilty plea [was] not knowing and intelligently entered into due to trial counsel's misadvisement and ineffective assistance in violation of Sixth Amendment and Due Process."[14] Specifically, he maintains that trial counsel misinformed him that pleading guilty to Drug Trafficking Conspiracy and Conspiracy to Launder Monetary Instruments would give him a sentencing range between 60 and 156 months' imprisonment. He points to the U.S. Sentencing Commission's Guidelines range set forth in the PSR and adopted by the Court, which was 135 to 168 months' imprisonment.[15] The Government responds that "this Court took great care to ensure that Cooks understood the nature of the charge against him and that he entered his pleas knowing and voluntary."[16]

The parties agreed in their Plea Agreement that Mr. Cooks would be sentenced to "a period of incarceration of between sixty (60) and one hundred and fifty six (156) months' imprisonment."[17] At the plea hearing, the following colloquy occurred:

> The Court: So as I understand the basic agreement here, it is that Mr. Cooks would plead guilty to both counts in the indictment, the parties would agree that the five-year mandatory minimum penalty would apply here, not a ten-year mandatory minimum penalty, and there's a C agreement, meaning—which I'll discuss what that all means with Mr. Cooks here, but basically, that the sentence would be—the parties agree the sentence would be a range of incarceration of between 60 months and 165 months –
>
> Mr. Dudley: 156 months, I believe, Your Honor.

---

[14] Docket 139 at 5.

[15] Docket 139 at 5.

[16] Docket 141 at 7–8.

[17] Docket 67 at 2. *See also* Docket 67 at 13.

> Ms. Sayers-Fay: That's correct.
>
> The Court: Thank you. 156 months, that's very correct, 60 to 156 . . . So Mr. Cooks, do you understand that to be the basic agreement between you and the Government?
>
> The Defendant: Yes.[18]

Later in the change of plea hearing, the Court discussed the Sentencing Guidelines with Mr. Cooks as follows:

> The Court: . . . As I indicated, this carries—the first charge carries a mandatory minimum of five years. So under the law, that would be the base point. In terms of whether the sentence should be at that mandatory minimum or higher, there are guidelines that are put out by the Sentencing Commission. They basically take—it's a chart that has the nature of the crime on one axis and then the person's criminal history on another, and it gives the range of sentence based on those two factors to look at.
>
> Then there are other factors that are set out in the law, 18 United States Code 3553(a) that give guidance to help a court determine if a sentence should be above or below or within that guideline range.
>
> Have you had a chance to talk about these issues with your attorney, Mr. Dudley?
>
> The Defendant: Yes.[19]
>
> At the subsequent sentencing hearing, the parties agreed on the Guidelines calculation:
>
> The Court: With that all said, terms of the guideline calculation, it didn't appear that there were disputes there either with what the probation officer computed; am I correct from both sides?
>
> Mr. Edmonds: Yes, Your Honor.
>
> Mr. Dudley: Yes, Your Honor.

---

[18] Docket 115 (Change of Plea Tr.) at 10–11.

[19] Docket 115 at 15–16.

> The Court: So that ends up, then, with a guideline range of a total offense level of 31 a criminal history Category III, which results in a guideline range of 135 to 168 months on the two counts to run concurrent[.][20]

Thus, the parties agreed in their Rule 11(c)(1)(C) agreement to a sentencing range from 60 to 156 months, which Mr. Cooks acknowledged at the change of plea hearing. But in their Plea Agreement, the parties did not agree, or disagree, on the "Advisory United States Sentencing Guidelines."[21] The Court accepted the parties' Rule 11(c)(1)(C) agreement, thereby agreeing to impose a sentence within the parties' agreed-upon range of 60 to 156 months.[22] The Court imposed a sentence of 156 months, which was within the parties' agreed-upon range (and also within the Sentencing Guidelines range). Based on the foregoing, it is clear that when Mr. Cooks entered his change of plea, he did so knowingly and voluntarily. The parties' agreement reflects and Mr. Cooks testified to a clear understanding of the distinction between the agreed-upon sentencing range in his agreement with the government and the then-uncalculated potential advisory sentencing range of the U.S.S.G. Therefore, Mr. Cooks' argument that his guilty plea was not knowingly and voluntarily made is unavailing.

2. Ineffective Assistance of Counsel

Mr. Cooks also asserts that his trial counsel was ineffective because he "failed to explain to movant that the government would begin its argument with the assumption he had pled to an offense with mandatory minimum sentence of 120 months, at a Criminal

---

[20] Docket 115 at 4.

[21] See Docket 67 at 12. ("The parties have no agreements on any guideline applications except as set forth below in [the Acceptance of Responsibility section].").

[22] See Freeman v. United States, 564 U.S. 522, 527 (2011).

History level of III. Nor did trial counsel advise movant that the probation officer would incorrectly determine his criminal history to be III."[23]

To prevail on an ineffective assistance claim, a petitioner must satisfy the two-prong *Strickland* test, which requires a showing of both deficient performance and resultant prejudice.[24] Deficient performance requires a showing that trial counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms.[25] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[26] To establish prejudice, a petitioner must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different."[27] Failure to meet either prong is fatal to a petitioner's claim.[28]

Mr. Cooks asserts that trial counsel was ineffective because he failed to object to the Government's alleged breach of the Plea Agreement. However, the Government did not breach the Plea Agreement. At sentencing, the Government stated, "In the plea agreement, as the Court stated, we've agreed to a range of 60 to 156 months, and Your

---

[23] Docket 140 at 8–9.

[24] 466 U.S. 668, 687 (1984).

[25] *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

[26] *Strickland*, 466 U.S. at 689.

[27] *Strickland*, 466 U.S. at 694.

[28] *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 697) ("Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'").

Honor, I ask for every one of those 156 months for this defendant."[29]  Accordingly, there was no breach of the Rule 11(c)(1)(C) agreement and thus, there was no deficient performance by trial counsel in that regard.[30]

Mr. Cooks also maintains that trial counsel was ineffective in failing to object to the PSR's criminal history.[31]  Mr. Cooks is correct that Count 1: Pandering a Child was set aside by the Nevada state court and should not have been listed as a conviction in the PSR.[32]  However, Count 2: Living from the Earnings of a Prostitute was not set aside; Mr. Cooks pleaded guilty to this charge and was sentenced to 12 to 36 months for that crime.[33]  Accordingly, the PSR did not err in assessing three points for this conviction in Mr. Cooks' criminal history.  Therefore, even if trial counsel was ineffective in failing to object to the inclusion of Count 1, Mr. Cooks has not shown any prejudice because the criminal history level would not have been different had Count 1 been excluded.

---

[29] Docket 111 at 6.

[30] Mr. Cooks also asserts that trial counsel did not provide "reasonable information to the client considering a plea offer and its consequences."  Docket 140 at 12.  However, Mr. Cooks has not identified "material, specific errors and omissions that fall outside the wide range of professional competent assistance."  *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citations and quotations omitted).

[31] Docket 140 at 10.

[32] Docket 140-1 (Order Granting Defendant's Petition for Writ of Habeas) at 3–8; *see also* U.S.S.G. § 4A1.2, Application Note 6 ("Sentences resulting from convictions that . . . have been ruled constitutionally invalid in a prior case are not to be counted.").

[33] Docket 96 at 15, ¶ 46; s*ee also* Docket 112-1 at 2.  Although U.S.S.G. § 4A1.1(a) provides "Add 3 points for each prior sentence of imprisonment exceeding one year and one month," U.S.S.G. § 4A1.2(b) further states, "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed."  Therefore, for purposes of the sentencing guidelines, Mr. Cooks' Living from the Earnings of a Prostitute conviction resulted in a maximum 36-month sentence and three points were correctly included for that crime in Mr. Cooks' criminal history.

Because the record conclusively shows that Mr. Cooks is not entitled to relief, Mr. Cooks is not entitled to an evidentiary hearing.[34]

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant Billy James Cooks' Motion to Vacate at Docket 112 and his Amended Motion to Vacate at Docket 139 are DENIED.

The Court further finds that Mr. Cooks has not made the requisite substantial showing for a Certificate of Appealability, and therefore, a Certificate of Appealability will not be issued by this Court.[35]

The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 5th day of April, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[34] *See* 28 U.S.C. § 2255(b).

[35] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks and citations omitted)).